IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

CARLISA MERRIWEATHER,

    Plaintiff,

vs.                                                                               Civil Action No. 1:21-cv-00391

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

    Defendant.

## ANSWER

Defendant Kilolo Kijakazi, by counsel, Jason S. Bailey, Assistant United States Attorney for the Southern District of West Virginia, answers the Complaint, (ECF No. 1), of Carlisa Merriweather ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

1. Defendant makes no response to Plaintiff's preliminary statement in the first paragraph as no response is required. Insofar as Plaintiff alleges that she is entitled to damages, and to the extent allegations of discrimination and harassment are deemed factual in nature by the Court, Defendant denies the same.

### JURISDICTION

2. Defendant makes no response to the second paragraph as no response is required. To the extent the allegations are deemed factual in nature by the Court, Defendant admits only that Plaintiff has filed suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, but denies Plaintiff is entitled to any relief under it.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit.

3. Defendant makes no response to the third paragraph as no response is required. Insofar as Plaintiff alleges that this suit is properly before the Court, Defendant admits only that venue is proper.

4. In response to Paragraph 4, Defendant admits only that Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint on November 12, 2019. Defendant further denies that Plaintiff made timely EEO counseling contact. *See* Defendant's Motion to Dismiss.

5. Admitted.

6. In response to Paragraph 6, Defendant admits only that the Social Security Administration ("the Agency") issued its final order on April 9, 2021.

## VENUE

7. Defendant makes no response to the seventh paragraph as no response is required. To the extent the allegations are deemed factual in nature by the Court, Defendant admits only that venue is proper in the United States District Court for the Southern District of West Virginia.

## PARTIES

8. Admitted.

9. Defendant responds that she is without sufficient information to admit or deny the truth or falsity of the allegations in Paragraph 9 and therefore denies them.

10. Admitted.

## FACTS

11. In response to Paragraph 11, Defendant admits only that Plaintiff is employed as a Title II Claims Specialist, GS-11 at the Agency's field office in Welch, West Virginia.

12. Denied.

13. In response to Paragraph 13, Defendant admits only that in June 2015, Plaintiff was named as a witness in EEO Case PHI-15-0147.

14. Defendant responds that she is without sufficient information to admit or deny the truth or falsity of the allegations in Paragraph 14 and therefore denies the same.

15. Defendant responds that she is without sufficient information to admit or deny the truth or falsity of the allegation in Paragraph 15 and therefore denies the same.

16. Defendant responds that she is without sufficient information to admit or deny the truth or falsity of the allegations in Paragraph 16 and therefore denies the same.

17. In response to Paragraph 17, Defendant admits only that Plaintiff submitted a reasonable accommodation request in October 2018.

18. In response to Paragraph 18, Defendant admits only that in March 2019, Plaintiff was granted a partial accommodation, including a supportive chair, her own desktop printer, and heating apparel.

19. Defendant responds that she is without sufficient information to admit or deny the truth or falsity of the allegations in Paragraph 19 and therefore denies the same.

20. Defendant denies each and every allegation of Paragraph 20.

21. Defendant denies each and every allegation of Paragraph 21.

22. In response to Paragraph 22, Defendant admits only that on October 8, 2019, Plaintiff was scheduled to take five claims.

23. Defendant denies each and every allegation of Paragraph 23.

24. In response to Paragraph 24, Defendant realleges its answers to Paragraphs 1-23 above.

25. Defendant denies each and every allegation of Paragraph 25.

26. Defendant denies each and every allegation of Paragraph 26.

27. Defendant denies each and every allegation of Paragraph 27.

28. Defendant denies each and every allegation of Paragraph 28.

29. Defendant denies each and every allegation of Paragraph 29.

30. Defendant denies each and every allegation of Paragraph 30.

31. In response to Paragraph 31, Defendant realleges its answers to Paragraphs 1-30 above.

32. Defendant denies each and every allegation of Paragraph 32.

33. Defendant denies each and every allegation of Paragraph 33.

34. Defendant denies each and every allegation of Paragraph 34.

35. Defendant denies each and every allegation of Paragraph 35.

36. Defendant denies each and every allegation of Paragraph 36.

37. Defendant denies each and every allegation of Paragraph 37.

38. In response to Paragraph 38, Defendant realleges its answers to Paragraphs 1-37 above.

39. Defendant denies each and every allegation of Paragraph 39.

40. Defendant denies each and every allegation of Paragraph 40.

41. Defendant denies each and every allegation of Paragraph 41.

42. Defendant denies each and every allegation of Paragraph 42.

43. Defendant denies each and every allegation of Paragraph 43.

44. Defendant denies each and every allegation of Paragraph 44.

45. In response to Paragraph 45, Defendant realleges its answers to Paragraphs 1-44 above.

46. Defendant denies each and every allegation of Paragraph 46.

47. Defendant denies each and every allegation of Paragraph 47.

48. Defendant denies each and every allegation of Paragraph 48.

49. Defendant denies each and every allegation of Paragraph 49.

50. Defendant denies each and every allegation of Paragraph 50.

51. Defendant denies each and every allegation of Paragraph 51.

52. Defendant denies Plaintiff is entitled to any of the relief sought in Paragraph 52. To the extent that the aforementioned relief may be deemed to contain any allegations of fact, each and every such allegation is denied. Answering further, Defendant responds that compensatory damages are capped pursuant to 42 U.S.C. § 1981a(b)(3), no compensatory damages may be awarded for a discrimination claim involving reasonable accommodation where Defendant demonstrates good faith efforts in consultation with Plaintiff to identify and make a reasonable accommodation under 42 U.S.C. § 1981a(a)(3), and attorney's fees may only be recovered from the United States as set forth in 42 U.S.C §§ 1988, 2000e-5(k).

53. Defendant makes no response to the fifty-third paragraph as no response is required. All allegations not specifically responded to above are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The Agency exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

3. Defendant acted reasonably at all times and in accordance with all procedures required by law, rule, or regulation.

4. All actions taken by Defendant with respect to Plaintiff's employment were nondiscriminatory, taken in good faith, and not in violation of any federal law prohibiting discrimination.

5. Plaintiff cannot bring any claims in this action that she did not timely bring and/or properly pursue in the administrative process in accordance with the applicable statute of limitations and administrative exhaustion process.

6. Plaintiff has not raised any adverse action which resulted in objectively tangible harm and, therefore, Plaintiff fails to state a claim of discrimination.

7. Plaintiff cannot establish any causal connection between any disability or other protected status and any alleged adverse action.

8. The Agency's actions regarding Plaintiff were taken as a matter of business necessity.

9. Plaintiff's recovery is limited to the damages recoverable under the Civil Rights Act of 1964, as amended.

10. Plaintiff is barred from receiving any damages related to her request for reasonable accommodation because the Agency engaged in a good faith effort to provide reasonable accommodation.

11. Insofar as Plaintiff may be claiming front pay or future damages, Plaintiff failed to mitigate damages.

12. Defendant hereby specifically reserves the right to assert any and all other defenses, not currently known, which it may have or through discovery learn may be applicable.

WHEREFORE, having fully answered all counts of the Complaint, Defendant prays that Plaintiff take nothing by way of the Complaint against her, that the same be dismissed, and that

judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

                Respectfully submitted,

                **WILLIAM S. THOMPSON**
                **United States Attorney**

                **s/ Jason S. Bailey**
                Jason S. Bailey (W. Va. Bar No. 13582)
                Assistant United States Attorney
                United States Attorney's Office
                300 Virginia Street, East, Room 4000
                Charleston, WV 25301
                Phone: 304-345-2200
                Fax: 304-347-5443
                E-mail: jason.bailey2@usdoj.gov
                *Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I certify that on December 3, 2021, I electronically filed the foregoing *Answer* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants. I also have sent this document by U.S. Postal Service to *Pro Se* plaintiff:

Carlisa Merriweather
64 Little Egypt Road
Welch, WV 24801

                **s/Jason S. Bailey**
                Assistant United States Attorney