```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT BLUEFIELD
```

**CARLISA MERRIWEATHER,**

    **Plaintiff,**

v.                                                CIVIL ACTION No. 1:21-00391

**KILOLO KIJAKAZI, Acting Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to amend her Complaint, filed on December 20, 2021.  See ECF No. 15.  Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course. . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). . . ."  Defendant filed her Answer and a Motion to Dismiss pursuant to Rule 12(b)(6) on December 3, 2021.  See ECF Nos. 9 and 10.

The motion to amend is unopposed and within the time permitted for amendment as of right pursuant to Federal Rule of Civil Procedure 15(a)(1).  Accordingly, the motion to amend is **GRANTED**[1] and the Clerk is directed to file the amended complaint (attached as an exhibit to the motion to amend) as of December

---

[1] Some courts deny similar motions to amend as moot because the party could amend complaint as of right.  See, e.g., Davis v. Liberty Mut. Ins. Co., C.A. No.: 9:15-cv-2818-PMD, 2015 WL 6163243, at * 1 (D.S.C. Oct. 19, 2015).

20, 2021. Furthermore, because of the court's ruling on the motion to amend, defendant's motion to dismiss (ECF No. 10) is **DENIED** without prejudice as moot.[2]

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 3rd day of February, 2022.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge

---

[2] "Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect'" Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) (quoting Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001)).