```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**CARLISA MERRIWEATHER,**

    **Plaintiff,**

v.                                               CIVIL ACTION No. 1:21-00391

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is a renewed motion to dismiss filed by defendant.  See ECF No. 17.  For the reasons expressed below, that motion is **GRANTED in part and DENIED in part**.

### I. Background

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act.  According to the allegations of the amended complaint, the allegations of which are taken as true for purposes of this motion, plaintiff Carlisa Merriweather is a full-time employee of the United States Social Security Administration ("SSA") in its Field Office in Welch, West Virginia.  See Amended Complaint at ¶¶ 8, 13 (ECF No. 23). She alleges that, while in the employ of the SSA, she has been discriminated against and harassed on the basis of race, gender, and disability.  Her allegations span from 2013 to 2019.  Her specific allegations include the following:

    1)   denial of leave in September 2013 (¶¶ 14-22);

    2)    inappropriate touching and comments by RMO Sam Smith[1] in January 2017 (¶ 27);

    3)    denial of a reasonable accommodation for disability in March 2019 (¶¶ 28-37);

    4)    discriminatory of denial of time and assistance in applying for a promotion in August 2019 (¶¶ 39-53);

    5)    failure to receive a promotion on the basis of race, disability and/or participation in protected activity in 2019 (¶ 54); and

    6)    discrimination in the assignment of job duties (¶ 55).

The four-count complaint, filed against the Commissioner of the SSA,[2] asserts claims of discrimination, both harassment and disparate treatment, on the basis of gender, race, and disability. See ¶¶ 58-81 (Counts I, II, and III). Merriweather also brings a reprisal claim based upon her participation in protected activity. See ¶¶ 82-89 (Count IV).

    Defendant has moved to dismiss any cause of action based on the denial of leave in September 2013, the denial of an accommodation on account of disability in March 2019, and the non-selection/failure to promote based on Merriweather's alleged

---

[1] Merriweather does not specifically state that Smith is her supervisor but a fair reading of the amended complaint suggests that he is.

[2] Andrew Saul, the former Commissioner of Social Security, was the original defendant. Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi was substituted for Andrew Saul as the defendant.

failure to exhaust administrative remedies. Plaintiff opposes dismissal of her failure to promote claim.

## II. Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 474, 474 (4th Cir. 1997).

In evaluating the sufficiency of a pleading, the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), provide guidance. When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quoting Conley, 355 U.S. at 47; 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. As the Fourth Circuit has explained, "to withstand a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570).

According to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 129 S.Ct. at 1949. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1951-52.
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the complaint's factual allegations must produce an

> inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" Id. at 1952 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).
>
> Satisfying this "context-specific" test does not require "detailed factual allegations." Id. at 1949-50 (quotations omitted). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." Id. at 1950. Without such "heft," id. at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951.

Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); see also Midgal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) ("The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion.").

### III.  Analysis

To allege violations of Title VII and the Rehabilitation Act, a plaintiff must first exhaust his or her administrative remedies. See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009), abrogated on other grounds by Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843 (2019) ("Before a plaintiff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the EEOC."); Stewart v. Iancu, 912 F.3d 693, 698 (4th Cir. 2019) ("Rehabilitation Act claims must comply with the same administrative procedures that govern

5

federal employee Title VII claims.") (citations omitted). The exhaustion requirement serves two purposes: first, it "protects administrative agency authority," and second, it "promotes efficiency." Woodford v. Ngo, 548 U.S. 81, 89 (2006) (citations omitted).

Defendant moved to dismiss any cause of action based on the denial of leave in September 2013 and the denial of a reasonable accommodation based on disability in March 2019. Those claims were dismissed at the EEOC level as untimely under the EEOC regulations. See ECF No. 17-1 at 6-7. Under 29 C.F.R. § 1614.105(a)(1), an aggrieved federal employee "must initiate contact with a [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."; see also Qaiser v. Small Business Administration, Case No. 1:15-cv-1627, 2016 WL 8711622, at *5 (E.D. Va. Mar. 18, 2016) ("[F]ederal employees who believe they have been discriminated against must consult an EEO Counselor within 45 days of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action, prior to filing a complaint to informally resolve the matter.") (internal quotation and citation omitted).

In this case, the EEOC determined that Merriweather had not timely presented the 2013 denial of leave and 2019 denial of a

6

reasonable accommodation claims to an EEO Counselor. See ECF No. 17-1 at 6-7. Plaintiff concedes as much. See ECF No. 19 at 4 ("Regarding the leave and March 2019 denial of reasonable accommodation, those events should be considered as background evidence of timely harassments claims. The Supreme Court has held that no recovery is available for discrete acts such as hiring, firing, and promotions that fall outside the filing period. . . ."). Based upon the foregoing, the motion to dismiss should be granted as to the March denial of leave in September 2013 and the denial of disability accommodation in March 2019. See Alford v. McDonough, NO. 7:19-CV-186-FL, 2021 WL 5889735, at *4 (E.D.N.C. Dec. 13, 2021) (dismissing as untimely claims arising "45 days before plaintiff's proffered date of initiation of the EEO process").

However, the court declines to dismiss the promotion/non-selection claim on the record before it. Defendant maintains that Merriweather did not exhaust that claim before the EEOC. As our appeals court recently explained

> It is well settled that before filing suit under Title VII or the ADEA, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC. 42 U.S.C. § 2000e-5(b),(f); 29 U.S.C. § 633a(d). "A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). "The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint." Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014); Bryant v. Bell Atl. Md., Inc., 288 F.3d

7

> 124, 132-33 (4th Cir. 2002) (holding the scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents). "[F]actual allegations made in formal litigation must correspond to those set forth in the administrative charge." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) (holding that the plaintiff had failed to exhaust his administrative remedies where his EEOC charge alleged three specific instances of harassment by a supervisor and his federal complaint alleged long-term harassment by colleagues). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII [or ADEA] lawsuit." Stewart v. Iancu, 912 F.3d 693, 705 (4th Cir. 2019) (quoting Chacko, 429 F.3d at 506) (internal quotation marks omitted).
>
> If the discrimination claims "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." Chacko, 429 F.3d at 509 (internal quotation marks and citation omitted).

Walton v. Harker, 33 F.4th 165, 172 (4th Cir. 2022).

In advancing its argument that there has been a failure to exhaust, defendant relies upon a letter from the EEOC accepting her complaint dated November 27, 2019, and the EEOC Counselor's Report. See ECF No. 17-1. Defendant does not include a copy of the EEOC charge or any of the documents relating to the subsequent investigation. Therefore, the court is unable to discern whether plaintiff's failure to promote/non-selection claim exceeds the scope of the EEOC charge and/or would have arisen out of an investigation into that charge. This is especially true given that both the EEOC acceptance letter and Counselor's Report do mention a "failure to promote" and the

8

position for which she was not selected.  See ECF No. 17-1 at 5, 16-17.

Defendant emphasizes the EEOC's acceptance of claims letter, arguing that it frames the issues and because the non-selection/failure to promote claim is not included in that letter it could not have been exhausted.  The court does not find the letter dispositive on the issue of exhaustion or "that such a hardline approach is appropriate as a matter of law." Mokhtar v. Kerry, 83 F. Supp.3d 49, 65 (D.D.C. 2015).  Of these types of letters, the Mokhtar court explained:

> In particular, an acceptance-of-claims letter, though organizationally useful in clarifying the topics to be investigated, is not a mandated pre-investigation procedure under any statute or regulation insofar as the agency is not required to identify for the complainant the specific claims that it will investigate following an EEO complaint and the complainant is not required to respond within a certain time to avoid waiving those claims.  But by putting the burden on the complainant to object to the agency's acceptance-of-claims letter within the arbitrarily specified timeframe, courts shift the exhaustion onus from the agency to the individual without any legal basis for doing so.
>
> * * *
>
> [T]he acceptance-of-claims letter is more akin to an elective agency housekeeping procedure, not a legally mandated aspect of the administrative fact-finding investigative process.

Id. at 65-66.  The Mokhtar court declined to dismiss a claim where it was not included in the agency's acceptance-of-claims letter but was raised in the EEO complaint.  See id. at 69.  In

this case, as noted above, the EEO charge is not before the court. Therefore, on this record, defendant has failed to establish that plaintiff did not administratively exhaust the failure to promote/non-selection claim asserted in the Amended Complaint.

## IV. Conclusion

The motion to dismiss is **GRANTED** as to the denial of leave in September 2013 and the denial of an accommodation on account of disability in March 2019, and **DENIED** without prejudice as to the non-selection/failure to promote claim.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 30th day of September, 2022.

ENTER:

David A. Faber
Senior United States District Judge